Thank you. Good morning, your honors. My name is Martin Anderson, and I represent the plaintiff and appellate, Karapetian. I have reviewed our briefs, and I still feel confident that I've addressed all of the issues. So unless the court has any questions for me, I will submit and reserve my time. So tell me about this settlement agreement. That is, the way in which it was implemented. Which one? There were several settlement agreements. Well, the final one. Let's start with the final one. The final one was in April of 2010, and it was a situation where we took the earlier settlement from February, we added a $14,000 payment, and filed a fee motion and settled the case. Right. Okay. And then, you pursued it to the settlement agreement, you asked the district court to dismiss the case, the entire case, with prejudice. Yes. That was part of the, one of the terms of the agreement. We had no choice. So, why does that, why, doesn't that foreclose appellate jurisdiction here? Oh, no. Because, because the, well, for two reasons. One, the attorney's fee award is independently appealable. There's the law of the circuit that fee awards are always independently appealable. And second... In which case do you rely on for that basic proposition? Let's see. I believe it has the word Oregon in it, but let me find it. Oregon Natural, maybe? Yeah. Oregon Natural Desert Association versus Locke. All right. So, what was the statute there? When I looked through those cases, there was always a statute that was being relied on that would give authority for the court to award attorney's fees. Here, when I read 1794, it said you could award attorney's fees only as part of the judgment. And since there was no judgment here, it seemed to me that the court was just awarding or determining attorney's fees as part of your settlement agreement. So, 1794 wouldn't have allowed fees. Isn't that right? No. I don't think that's true. It has to be as part of the judgment? And weren't you dismissing it in lieu of a judgment? No. I don't think so because I think that the stipulation was that the court could award reasonable attorney's fees. Right. That was part of your contract. So, the court was filling in a term in your settlement agreement. It wasn't awarding it under 1794d. The buyer shall be allowed by the court to recover as part of the judgment attorney's fees. There was no separate finding by the court under that statute, was there? There was no dispute in connection. Well, the answer is I don't recall. I'd have to go back and look at it to answer that specific question. Well, the judge assumed. Judge Fees assumed. I forget. Was it Judge Fees? No. Who was it? Oh, Judge Selma. It was not Judge Selma. Carney. Judge Carney. Cormac Carney. Judge Carney and his order assumes that the motion is based on the statute. Everyone did. We did. It was in our motion. It was in Kia's motion. It was in our reply. And I believe there was language. I doubt, you know, given the statute, they obviously felt that you were entitled to fees under the statute. Oh, without a doubt, everyone operated under the assumption that the fee was. There's a recent case looking at this yesterday and last night and trying to better understand the Song-Beverly Act and how it's been interpreted. I happened to come across a case called Wolgamoth v. Caterpillar, a 2012 case, where actually the Court of Appeal in California is interpreting this very provision, 1794D. What they say there is that the term judgment has a very broad meaning to encompass settlement agreements, essentially. And that's always been true. And they draw that analysis from California's offer of compromise. And that's always been true in California. I mean, obviously, every jurisdiction wants to encourage settlements. And as part of that, the courts have always said, look, every district court and every trial court that I've appeared before where there's been a settlement and an agreement that the court may award fees, it has been done under the auspices of What are the claims asserted in the complaint? What is the right to fees? And I don't – I would need to get the record, which is on my laptop over there. But my memory is that we had something to the effect of that the court would award fees presuming the plaintiff is the prevailing party. Now, I don't have the record in front of me. I don't know if it says prevailing party, but that's obviously – And under California law, a party is determined to be a prevailing party by virtue of not the form of the judgment that is entered, but rather – at least for attorney's fees – but rather by looking at what they got. Did they achieve their litigation objects? Did they not achieve their litigation objects? And here, we filed a lawsuit asking for a repurchase of the vehicle and something like $32,000 in damages, and that is approximately what we got. In the Wogelmuth case, the settlement agreement didn't even – was silent on the whole question of attorney's fees, and they filed a motion after the offer of compromise had been made. And the court of appeals said that – the argument was, well, there was no basis. There was no judgment. There was no basis for anything. And the court of appeals said, well, we interpret the term judgment very broadly to encompass this situation. That's right. Did we look to California law in trying to understand what 1790 – how 1794 should be interpreted? I'm sorry. Did we look to California law? I think that in determining what the party's agreement means, you have to take into account all the facts and circumstances because it's obviously a very short stipulation. It assumes the procedural context from which it comes, and the procedural context from which the stipulation came was a lawsuit asserting claims for damages and for attorney's fees. And so in that case that Judge Pius is citing, was there a voluntary dismissal after the award of fees or before? I don't know the answer because I have not – I did not read that case. You didn't cite that case to us. I did not cite that case. Okay. This was the case I found last night. Assume that for a moment we have jurisdiction. All right. What – where did the district court go wrong in its fee award analysis? A couple of spots. All right. First of all, the district court didn't rule under Rule 68. It appears to have ruled under reasonableness. I think that everyone agrees that that's what it did. This was a Rule 68 offer. The analysis should have been under Rule 68. So that was part one. Part two is – You mean that was incorrect or not – It was incorrect. The court should have said this is a Rule 68 offer. I'm going to look at Rule 68 jurisprudence and see if it operates to cut off fees. It didn't do that. It just didn't. It said instead I'm going to look at it under a reasonable analysis. And that's where the second error occurred because when you look at a reasonable analysis, what the Ninth Circuit has instructed in Moreno is that the court should look at the work performed and say, was this necessary to move the case along and was the amount of time that was spent on it appropriate? So the standard, though, in 1794d is whether it was reasonably incurred, right? Right. And not whether it was reasonable to reject a settlement offer that did not make the plaintiff whole and proceed to get a better deal later. So what was wrong, though, with the district court determining that the $100,000 that was incurred between, I guess, November and February was not reasonably incurred? Isn't benefits one of the things that should be considered, that the district court was correct to look at that? What the court should look at is the extent of success and the work that was performed. And between the time the Rule 68 offer was served and the time that the settlement came about, the extent of success of what was disputed was 100%. So the only thing I saw was that there was an extra $14,000. The difference between the two settlement amounts was $14,000, which the district court had basically said, don't make me work through Christmas. And it was within those couple of weeks after the motion to reopen the case that the district court said, don't make me work through Christmas, and then there was a settlement. So that was really, that couple of weeks was when the $14,000 came into the settlement. Isn't that correct? It is, but that's not the only difference between the final settlement and the Rule 68 offer. So other than the $14,000, which the district court sort of discards in a footnote, what were the differences that were significant? Well, one was that the Rule 68 offer would have allowed KIA to take a deduction for something called a prior credit lease balance of approximately $3,000. That deduction was not contained in the April. But wasn't the monetary amount almost identical other than the $14,000? That was my analysis. No. No, there was no monetary amount stated in the Rule 68 offer. I mean, it just gave a verbiage from which one could make a computation. And that was one of the problems with it, because when we went and settled in February using a similar verbiage-style settlement, we had completely different opinions on what that settlement was worth. We thought it was worth $40,000, and KIA thought it was worth $12,000. And I can tell you, if we had accepted that Rule 68 offer, we would have seen the very same dispute, but there would have been one critical difference. Ms. Karpatian would have been paying her attorney to litigate all of that, because the Rule 68 offer only offered fees up to and including the date of the offer. So had she accepted that, and had there been this dispute over, is it $40,000 or is it $12,000 or is it something in between, had she agreed to litigate incidental damages, which was one of the options under the Rule 68 offer, she would have paid her attorneys out of her own recovery in order to get that resolution done. And what the... Thank you, counsel. Your time has expired. All right. Thank you. We'll hear from the other side. Good morning, Your Honors. My name is Anthony Sonnett, and I represent the appellee, Kia, in this matter. May it please the Court. Mr. Sonnett, you have been listed with Ms. Julian. Are you going to share time or... No, I will take the time. Very well. Very well. Thank you. What I'd like to start with is the $14,000 difference. The $14,000 difference is, in fact, not a difference. The $14,000 was essentially the costs. The dispute was the amount of costs that the plaintiff could recover aside from the repurchase. And plaintiff's position was that they're entitled to $40,000 in costs, and Kia's position originally was they're entitled to $12,000 in costs. And these are costs that would have been incorporated, in fact, were incorporated, into the Rule 68 offer. And all that had to be determined was either the parties could agree on what those costs were or they could submit them to the district court to decide what those costs were. Is that a true 68 offer? I'm sorry? Having what you just said, the way in which you interpreted that offer, is that a real Rule 68 offer? I believe it is, yes. Well, what do you base that? Well, I... It certainly wasn't an offer for judgment. Nobody would know what they were getting in the judgment. Well, I think they would know exactly what they were getting. Well, you just brought out a potential discrepancy. Well, the potential discrepancy is much like the discrepancy about attorney's fees. Well, that's different. I don't believe that it's entirely different because it's still an amount... My understanding of a Rule 68 offer from my days as a district court judge was you get an offer for judgment at a specific amount of money or specific terms. They're concrete. Okay. Well, there was never a position taken that... Well, let's put it this way. When we sent over the Rule 68 offer, we also sent over a letter that said, we believe all the terms of this Rule 68 offer are reasonably calculable and determinable. Why didn't you just put a firm number in the... Well, we did. Alternatively, we did put a firm number in. There was a firm number in the Rule 68 offer. It said a certain amount or an amount to be decided by the court so they could easily calculate what it is. Well, anyway, go ahead. There was a firm amount in the Rule 68 offer. All right, all right. Okay. Okay. So the point here is, I believe, the point here is whether these additional fees were reasonably incurred. It was clear that a settlement offer for a full repurchase was being made, that a settlement offer for all a plaintiff's costs were being made, and that a settlement offer to include reasonable attorney's fees was being made at the time the Rule 68 offer was made. So the district court is entitled, at that point, to look at that and say, okay, this is the terms of the offer that were being made at that time, back in early stages of the case. This is what the settlement ultimately was some two years down the road, where the additional $100,000 in fees reasonably incurred for the additional benefit that was obtained during that period of time. Okay? Now, I submit it's clear that the judge was within his discretion in determining that those additional fees were not reasonably incurred. He excluded all of them, correct? Excuse me? He excluded all of them. Yes, he did. Out. Yes, he did. Okay. Opposing counsel says, well, at least for the $3,000, was it in addition to even excluding the extra $14,000, there were benefits that were incurred during that period. Do you disagree with that? He mentioned specifically $3,000 payment to the lien holder. I believe those are illusory. I think that the lien holder, we agreed that we were going to pay off the car, so that's out. That's not a benefit. And there is no evidence. Again, the standard here is reasonably incurred. For example, for all of the benefits that the plaintiff, the appellant claims were accrued, I believe that they're either illusory or de minimis or not at all. And I believe the plaintiff has the burden in proving, plaintiff has the burden of proving that the fees were reasonably incurred. So, for example, when the plaintiff points out, well, there was an indemnification provision in the standard settlement agreement, not the one that we necessarily used, but in the standard settlement agreement. Was there evidence the plaintiff presented where he said, look, this was important to me, and I asked Kia or their counsel, can I delete this indemnification agreement? They said no. Therefore, I was forced to continue to litigate this case. None of that showing was made. No showing at all of that. And there are several elements that would fall into the same category. Signing a release. There's no evidence that the plaintiff presented that said the release was important to me. I didn't want my clients to have to sign a release. Therefore, I was forced to continue to litigate this matter because the defendant refused to allow us to delete that term. So I realize you wanted to start with this $14,000 difference, but that is, your argument really goes to the merits of his appeal. And you had earlier filed a motion to dismiss this appeal for lack of jurisdiction. We've preserved it. So have you, have you, what's your position on that? I mean, are you? No, we're not asserting it. I mean, are you familiar with this Wolgamoth case? No, I'm not. No, I'm not. So what do you think was happening here? What was it just, what was, I mean, this, you know, this situation happened frequently in the district court, at least from my experience. That is, parties settle and they provide for the judge to determine the amount of attorney's fees and the judge, and usually they point to the statute. Everybody recognizes that there's going to be a fee claim here. And the parties move for attorney, the plaintiff moves for attorney's fees for the court to determine the amount, which is just what happened here. Yes. Right? And it's sort of treated as an incidental part of the whole thing. Well, I. From which an order is entered, and then that becomes an appealable order. Yes. I understand. That's the normal case, and it happens, it happens all the time. I agree with Your Honor. The issue that we raised by virtue of the jurisdictional challenge was what we believe essentially is a procedural issue, that by virtue of the voluntary dismissal. With prejudice. With prejudice of the case that procedurally that removed jurisdiction of the court on that basis. Even, we even, so Judge Acuda's argument, argument or pointing, the concern she raised is a little bit different though. That is, there was a, there was not a judgment entered here. Right. And therefore, there was no basis for, no statutory basis for an award of attorney's fees. Right. And that would be. But this Wilgama case that I'm referring to seems to define judgment much more broadly under California law. I do understand that, yes. So, so there was a settlement agreement that said reasonable attorney's fees. The court orders fees, or says this is the amount of determined, and at that point there was a voluntary dismissal with prejudice of the case. Correct. And so there wasn't, had the, the parties wanted to reserve the right to challenge that, that amount, I suppose they could have written that in the settlement agreement, but they didn't. Now was, was it the understanding of the parties that they would then have the ability to challenge the amount of fees that was determined by the court? I don't think it was contemplated. It certainly wasn't discussed. Okay. And, and had the, one of the parties been dissatisfied with the, what the district court had determined, could they have not filed that motion, or was the understanding of the parties that regardless of what the court decided, they had to go ahead and dismiss the case? I don't think there was an understanding of the parties. It was like, as I say, it was never an issue that was discussed. It simply. Well, I, I kind of doubt that, that your client would want to foreclose the possibility of an appeal or to challenge to the attorney fee order if it was, you know, suppose the judge had awarded $125,000. You'd have written the check for $125,000? Well. You'd want to appeal that. We might, and then we might or might not have the right to do that based upon what. Well, I mean. Paperwork we submitted to the court. I don't think we foreclose any challenge to the court's award of attorney fees. Could you have not dismissed the case at that point? If the court had awarded whatever, were you bound to dismiss it, to agree to stipulate to dismissal? No. No, we were not bound to. Nobody was bound to. This, the thing I wanted to. Well, this was a stipulated dismissal with prejudice, was it not? Yes, it was. That's the point I'm trying to make. And it was entered into after the attorney fees, as I recall, award came down. And your argument is that that was part of the settlement agreement and that's gone by. Right. All right. All right. Thank you, counsel. Thank you. The case just argued will be submitted for decision.
judges: O'scannlain, Paez, Ikuta